**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**OLD ST. PAUL MISSIONARY BAPTIST CHURCH**                    **PLAINTIFF**

**V.**                                    **3:08CV00129 JMM**

**TIMOTHY PATRICK KIRK, INDIVIDUALLY AND**
**D/B/A AMERICAN SURETY; GREGORY CANDEBAT**            **DEFENDANTS**

**ORDER GRANTING MOTION TO REMAND**

Pending is the Plaintiff's Motion to Remand the case back to the Circuit Court of

Crittenden County, Arkansas, where it was originally filed.  Separate Defendant Timothy Patrick

Kirk d/b/a American Surety ("Kirk") objects to the motion.

The Complaint was filed in Crittenden County Circuit Court on March 6, 2008.  Plaintiff

served Defendant Gregory Candebat on June 20, 2008.  Plaintiff served Defendant Kirk on July

18, 2008.  Defendant Kirk filed a Notice of Removal in this Court on August 15, 2008, within

the 30 day deadline of 28 U.S.C. § 1446(b).  The Notice acknowledged that Defendant Candebat

had been served but did not purport to join Candebat in the removal.  Plaintiff filed a Motion to

Remand on August 21, 2008 stating that the case should be remanded to state court because

Defendant Candebat had not been joined and had not consented to the Notice of Removal.

"Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are

multiple defendants, all must join in a petition to remove within thirty days of service." *Thorn v.*

*Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir. 2002)(citing *Marano Enters. of Kan.*

*v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 & n. 2 (8th Cir.2001)).  Failure to join all defendants in

a notice of removal renders the notice defective.  *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir.

2005)(citing *Marano,* 254 F.3d at 755 n.2 ("Under the rule of unanimity, ordinarily all

defendants must join in a notice of removal or the case will be remanded.")).

The Court finds that the Motion to Remand (Docket # 4) should be granted.  Defendant

Kirk's Notice of Removal did not include the consent of Defendant Candebat and, therefore, did

not comply with 28 U.S.C. § 1446 and the rule of unanimity followed in this Circuit.  Further,

Defendant Kirk's Supplemental Response to the motion which includes a Consent for Removal

signed by Defendant Candebat was filed on September 9, 2008 and is untimely.  *See Dahl v. R.J.*

*Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007)(" Federal courts . . . are strictly to

construe legislation permitting removal.").

For this reason, the Motion to Remand (Docket # 4) is GRANTED.  The Clerk is directed

to remand the case back to the Clerk of the Circuit Court of Crittenden County, Arkansas

forthwith.

IT IS SO ORDERED this 15th day of September 2008.

_____
James M. Moody
United States District Judge